IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LLOYD EMERSON EARL PALMER, II            PLAINTIFF

v.            Civil No. 4:18-cv-4140

JAMES FRANKLIN, Supervisor over Disciplinary,
Southwest Arkansas Community Correction ("SWACC");
MRS. SCOGGINS, Treatment Supervisor SWACC;
MRS. NASH, Institutional Parole Officer, SWACC;
JOHN DOE ADMINISTRATOR, Office of Finance
Shorter College; and RODDERICK DUNN,
Administration Financial Loans, Shorter College            DEFENDANTS

## ORDER

Lloyd Emerson Earl Palmer, II, currently an inmate in the Southwest Arkansas Community Correction Center in Texarkana, Arkansas, filed this *pro se* civil rights action under 42 U.S.C. § 1983 on October 11, 2018. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3).

Plaintiff has named James Franklin, Mrs. Scoggins, Mrs. Nash, John Doe Administrator of Finance at Shorter College, and Rodderick Dunn, Administration of Financial Loans at Shorter College as defendants in this lawsuit. The John Doe Defendant and Rodderick Dunn are employed with Shorter College which is located in North Little Rock, Arkansas. Shorter College is within the Little Rock Division of the Eastern District of Arkansas.

The **Clerk is DIRECTED** to sever the claims against the John Doe Defendant and Rodderick Dunn. A new case should be opened with only these individuals listed as Defendants. The **Clerk is DIRECTED** to file the Complaint, IFP application, and a copy of this Order in that case.

1

The Court finds the interests of justice would be best served by transferring the severed case to the proper United States District Court and Division within that District. See 28 U.S.C. § 1406(a).[1] Once the case is opened, it shall be **immediately transferred** to the Eastern District of Arkansas, Little Rock Division, United States District Court Clerk's Office, Richard Sheppard Arnold United States Courthouse, 600 West Capitol, #A149, Little Rock, AR 72201.

Plaintiff is advised that he is required to immediately inform the Court of any change of address. **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address.** Plaintiff shall submit a change of address on a separate piece of paper entitled "Notice to the Court of Change of Address" and not include any motions or otherwise request relief in this document. The notice shall contain only information pertaining to the address change. **Failure to inform the Court of an address change shall result in this case being subject to dismissal.**

**The Court will not attempt to locate an address for you.**

IT IS SO ORDERED this 12th day of October 2018.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id*.