IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LLOYD EMERSON EARL PALMER, II                                    PLAINTIFF

v.                                Civil No. 4:18-cv-4140

JAMES FRANKLIN, Supervisor Over Disciplinary,
Southwest Arkansas Community Correction ("SWACC");
MRS. SCOGGINS, Treatment Supervisor, SWACC;
MS. REED, SWACC; MR. WICKS, SWACC; and
WARDEN BURNS, SWACC                                            DEFENDANTS

## **ORDER**

This is a civil rights action filed *pro se* by Plaintiff under 42 U.S.C. § 1983. Before the Court is Plaintiff's failure to obey a court order.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on October 11, 2018, naming James Franklin, Mrs. Scoggins, and Mrs. Nash as defendants.[1] (ECF No. 1). On October 15, 2018, the Court entered an order directing Plaintiff to file an Amended Complaint by November 5, 2018. (ECF No. 7). Plaintiff filed an Amended Complaint on October 22, 2018, making allegations against Ms. Reed, Mr. Wicks, and Warden Burns. (ECF No. 8). However, Plaintiff did not make any allegations against Defendant Nash in the Amended Complaint and Nash was terminated as a defendant on October 26, 2018. (ECF No. 9).

On December 6, 2018, Defendants filed a Motion to Dismiss. (ECF No. 14). On December 10, 2018, the Court entered an order directing Plaintiff to file a response to the motion on or before December 31, 2018. (ECF No. 16). This order stated that failure to file a response by the Court's imposed deadline would result in the case being dismissed without prejudice. The order was mailed to Plaintiff at his address of record: OMART, 116 Snowball Drive, Gassville, AR 72635.

---

[1] On October 12, 2018, the Court severed Plaintiff's claims against John Doe Administrator of Finance at Shorter College, and Rodderick Dunn, Administration of Financial Loans at Shorter College. (ECF No. 6). The Clerk then opened a new case and transferred the case to the United States District Court for the Eastern of District of Arkansas. *See* Case No. 4:18-cv-04141, (ECF No. 3).

To date, the Court's order has not been returned as undeliverable and Plaintiff has not filed a response to Defendants' motion. More than thirty days have passed since the Court's order was mailed to Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey a court order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, this matter is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 14th day of January 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge